People v Rodriguez (2021 NY Slip Op 02367)





People v Rodriguez


2021 NY Slip Op 02367


Decided on April 20, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 20, 2021

Before: Webber, J.P., Kern, Oing, González, JJ. 


Ind No. 346/17 Appeal No. 13621 Case No. 2019-4520 

[*1]The People of the State of New York, Respondent,
v
Christopher Rodriguez, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (David Crow of counsel), and Patterson Belknap Webb & Tyler, LLP, New York (Jake Walter-Warner of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered January 3, 2018, convicting defendant, after a jury trial, of attempted burglary in the second degree, and sentencing him, as a second violent felony offender, to a prison term of seven years, unanimously reversed, on the law, and the matter remanded for a new trial.
Defendant was charged by indictment with attempted burglary in the second degree. It was alleged that he attempted to unlawfully enter an apartment at 451 West 44th Street, New York County, with the intent to commit a crime therein.
At trial, the tenant of the apartment testified that at around midnight on the day of the incident, as she was in her bedroom and readying for bed, she saw an intruder, whom she later identified as defendant, on the fire escape outside the bedroom window of her third floor apartment. She left the apartment and ultimately went downstairs to the building's lobby and called 911. Shortly thereafter, a police officer found defendant on an outdoor platform. The testimony elicited was that the outdoor platform could only be accessed by entering the building itself, and from which the building's rear courtyard and fire escapes could be accessed. In addition to explanations for his presence, defendant ultimately told the officer, as he would repeat in a statement at the precinct and in his testimony at trial, that he was at the location for the purpose of smoking a marijuana cigarette.
Defendant testified that while waiting for his girlfriend to complete her shift at a nearby location he decided to go to 451 West 44th Street, where he knew he could access "a private area" and "wouldn't be seen," in order to smoke marijuana. Defendant testified that he was familiar with the building because he had previously worked near the location and would "smoke marijuana cigarettes in that building," in the "courtyard by the garbage area," during his breaks. He testified that he entered the building through the door into the lobby and walked out to the "garbage area." He stated that he did not go to the back of the building or see any fire escapes and, "in fact, had never been to the back of the building."
In their pretrial Molineux application, the People sought to introduce evidence related to four prior residential burglaries that defendant had committed. The trial court ruled that the People could introduce testimony related to two prior burglaries that occurred at 120 Sullivan Street, in December 2010 and February 2011. The Court concluded that evidence of the burglaries was admissible for proving defendant's intent and "rebutting defendant's explanation for his presence where he was found." Defendant argues that the court erred in permitting the People to introduce evidence of the prior burglaries.
The determination of whether Molineux evidence may be admitted in a particular case, involves a two-part inquiry. First, the trial court must identify some material issue, other than the defendant's [*2]criminal propensity, to which the evidence is directly relevant. Once that requisite showing is made, the trial court must weigh the evidence's probative value against its potential for undue prejudice to the defendant (see People v Cass, 18 NY3d 553, 559-60 [2012]; People v Alvino, 71 NY2d 233 [1987]).
While defendant argues that intent was uncontested here, insofar as it was undisputed that the person who appeared at the complainant's window intended to enter the apartment and commit a crime, defendant's assertion of his entry into the building for a purpose other than to burglarize, i.e., to smoke marijuana, put his intent directly at issue, to which the evidence of the prior burglaries was relevant (People v Cass,18NY3d at 559-60).
We find however, that the trial court improvidently exercised its discretion in allowing the People to introduce such a significant quantum of evidence regarding the two burglaries. The trial court permitted the People to call three witnesses to testify regarding the prior two burglaries: the tenant of the apartment that had been burglarized, the investigating police officer and the building's owner.[FN1] The court allowed the introduction of still photographs of the burglarized apartment and building. The court also allowed the introduction of a surveillance video from the February 2011 incident and allowed the building owner to testify about the video. That video depicts a male individual standing outside of the locked front door of the building. The male is seen kicking the door several times until the door breaks open. The male is then seen entering the building, ascending the stairway toward the roof, and, after apparently finding the door locked, the male is seen coming back downstairs and leaving the building.
The probative value of this extensive evidence of the two prior burglaries went well beyond the issue of defendant's intent and did not outweigh the prejudicial effect to defendant. The jury could well have imputed propensity as opposed to defendant's intent. Further, the court's limiting instructions were insufficient to minimize its prejudicial effect.
Finally, the trial court's error in admitting the evidence cannot be found to have been harmless (People v Crimmins, 36 NY2d 230 [1975]).
The verdict was not against the weight of the evidence, and accordingly defendant is not entitled to dismissal of the indictment.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 20, 2021



Footnotes

Footnote 1: While the court initially allowed the People to introduce a transcript of defendant's 2011 plea allocution, it later retracted that ruling.